# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| PAINTERS DISTRICT COUNCIL NO. 2, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:11-CV-1095 CAS |
| TRIAD PAINTING, INC., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' Motion for Partial Default Judgment.  This is an action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132.  A Clerk's Entry of Default was issued against defendant Triad Painting, Inc. on October 17, 2011.

On November 7, 2011, plaintiffs filed the instant motion seeking entry of a Partial Default Judgment that would order defendant to submit for inspection:

> its individual compensation records, payroll register, payroll journal, time-cards, federal and state tax forms, W-2 forms and 1099 forms, state quarterly tax returns, workers compensation reports, fringe benefit records and reports, job cost records, general ledger with cash disbursements and supporting documents, accounts receivables, invoices, and check stubs for the period of January 1, 2008 through the present date to Plaintiffs' attorney for review and copying within twenty (20) days so that Plaintiffs can determine the amount of Defendant's delinquency.

Mot. for Partial Default J. at 1.

Where the Clerk has entered default against a party, as here, the defaulting party has "no further standing to contest the factual allegations of plaintiff's claim for relief" and "is deemed to have admitted all well pleaded allegations in the complaint."  Taylor v. City of Ballwin. Mo., 859

F.2d 1330, 1333 n.7 (8th Cir. 1988) (quotation marks and quoted cases omitted).  Default judgments are not favored in the law, however, United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary.  See Taylor, 859 F.2d at 1332. Thus, even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right.  10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2011); see Fingerhut Corp. v Ackra Direct Mktg. Corp., 86 F.3d 852, 856 (8th Cir. 1996) (review of order entering default judgment is for abuse of discretion).  Prior to the entry of a discretionary default judgment, the Court must satisfy itself that plaintiffs are entitled to judgment, including by reviewing the sufficiency of the complaint and the underlying substantive merits of their claim.  See 10 Moore's Federal Practice § 55.31[2].

The Complaint alleges that the defendant "was at all relevant times signatory to and/or bound by a collective bargaining agreement," Complaint at 5, ¶ 31, but it does not allege any facts concerning the dates that defendant was so bound.  There are no exhibits attached to the Complaint from which this information may be gleaned.  The Motion for Partial Default Judgment is not accompanied by any supporting documentation such as affidavits from plaintiffs' accountant, controller or attorney, the collective bargaining agreement, any document showing that defendant was a signatory to the collective bargaining agreement, or other document showing the relevant time period at issue.  As a result, the Court is unable to determine whether plaintiffs are entitled to obtain the records they seek, as set forth above, from January 1, 2008 to the present date.  Plaintiffs will be ordered to provide these documents to support their motion within ten (10) days of the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs shall, by **November 21, 2011**, file supporting documentation to establish their entitlement to obtain defendant's records from January 1, 2008 to the present date.  Failure to comply timely with this Order will result in the denial of plaintiffs' motion without prejudice.


**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this  9th  day of November, 2011.